UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERTO GUIZAR-SOLANO,<br><br>    Defendant. | NOS.  CR-09-6019-RHW<br>         CV-10-5061-RHW<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO RULE 4** |

Before the Court is Defendant Roberto Guizar-Solano's Motion for Time Reduction by an Inmate in Federal Custody under 28 U.S.C. § 2255 (Ct. Rec. 30). Defendant is currently incarcerated at the California City Correctional Center (Ct. Rec. 27). Defendant pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326 (Ct. Rec. 26), and was sentenced by this Court to 34 months incarceration, 3 years supervised release, and a $100 special penalty assessment (Ct. Rec. 27). Judgment was entered on June 17, 2010 (Ct. Rec. 27). Defendant appealed neither his conviction nor his sentence. Defendant's motion to vacate, set aside, or correct sentence was filed on June 7, 2010 (Ct. Rec. 30).[1]

Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set aside, or correct his or her sentence on the grounds that: (1) the sentence was

---

[1] Because less than a year has passed since entry of final judgment, Defendant's motion is not time barred. *See* 28 U.S.C. § 2255.

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO RULE 4** \* 1

imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was not authorized by law; or (4) issues of collateral attack. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney." 28 U.S.C. § 2255.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rule 4"), the Court must independently examine a § 2255 motion to determine whether summary dismissal is warranted. Dismissal is appropriate if the movant's allegations, "viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). If it plainly appears from the record that Defendant is not entitled to relief, the Court shall issue an order summarily dismissing the cause of action. Rule 4. If, on the other hand, the Court determines that Defendant may be entitled to relief, the Court shall enter an order requesting the United States Attorney to file an answer. *Id.*

Defendant asserts that his sentence should have been reduced under U.S.S.G. § 5K2.0 because he accepted a final deportation order. Defendant also argues that he should receive a reduction in his offense level because as an illegal alien, he is not eligible for certain community confinement programs and cannot be housed in a minimum security facility. This claim could be construed as either a section 2255 challenge to the District Court's failure to depart downward based on Defendant's alien status or a 28 U.S.C. § 2241 equal protection challenge to the Bureau of Prison's execution of his sentence.

Nonconstitutional sentencing errors that have not been raised on direct appeal are considered waived and generally may not be reviewed by way of a motion under section 2255. *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir.

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO RULE 4** \* 2

1995); *but cf. United States v. Vgeri*, 51 F.3d 876, 882 (9th Cir. 1995) (stating limited exception for ineffective assistance of counsel claims).  Accordingly, Defendant's claim that he should be granted a downward departure fails because Defendant failed to raise this issue on appeal.

      Defendant alternately casts his sentencing error claim as an equal protection or due process violation.  These claims may be construed as a federal prisoner's challenge to the execution of his sentence.  *See* 28 U.S.C. § 2241.  These constitutional claims, however, fail on the merits.  The Ninth Circuit has held that the Bureau of Prisons' determination that prisoners with immigration detainers are not eligible for the community confinement benefits outlined in 18 U.S.C. § 3625(c) is not a violation of due process or equal protection.  *See McLean v. Crabtree*, 173 F.3d 1176, 1184-86 (9th Cir. 1999) (holding that the Bureau of Prisons' exclusion of prisoners with immigration detainers from eligibility for sentence reduction or community confinement does not violate equal protection or due process), *cert. denied*, 528 U.S. 1086 (2000).

      Accordingly, **IT IS HEREBY ORDERED** that, pursuant to Rule 4, the Defendant's Motion for Time Reduction by an Inmate in Federal Custody under 28 U.S.C. § 2255 (Ct. Rec. 30) is **DENIED**.

      **IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, forward a copy to the *pro se* Defendant, and **close the files**.

      **DATED** this 4th day of August, 2010.

      *s/Robert H. Whaley*
      ROBERT H. WHALEY
      UNITED STATES DISTRICT JUDGE

Q:\CRIMINAL\2009\Guizar-Solano\2255.deny.ord.wpd

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 PURSUANT TO RULE 4** \* 3